FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

15 NOV -2 PM 2: 51

CLERK, US DIST...
MIDDLE DIST...

MELISSA BEARD,

    Plaintiff,

-vs-

    CASE NO.:   5:15-CV-561-OC-30PRL

FORTIVA FINANCIAL, LLC,
and ATLANTICUS HOLDINGS
CORPORATION,

    Defendants.

_____/

## COMPLAINT

Plaintiff, MELISSA BEARD, by and through her undersigned counsel, sues the Defendants, FORTIVA FINANCIAL, LLC, and ATLANTICUS HOLDINGS CORPORATION, and in support thereof respectfully alleges the following:

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies like FORTIVA FINANCIAL, LLC, and ATLANTICUS HOLDINGS CORPORATION from invading American citizen's privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Marion County), the phone calls were received in this District, and the Defendants transact business in Marion County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Marion County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendants are "debt collectors" as defined by Florida Statute §559.55(6). Defendants sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant Atlanticus Holdings Corporation ("Atlanticus"), is a Georgia business entity with an address of 5 Concourse Parkway, Suite 400, Atlanta, Georgia 30328, and is a "person" as defined by 47 U.S.C.A. § 153(39).

17. Defendant Fortiva Financial, LLC ("Fortiva" and together with Atlanticus, the "Defendants"), is a Georgia business entity with an address of 5 Concourse Parkway, Suite 400, Atlanta, Georgia 30328, and is a subsidiary of Atlanticus, and is a "person" as defined by 47 U.S.C.A. § 153(39).

18. Defendants have a registered agent in Florida: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

19.     The conduct of the Defendants which gave rise to the cause of action herein alleged occurred in this District, Marion County, Florida, by the Defendants' placing of illegal calls to Marion County, Florida.

20.     Defendants, at all material times, were attempting to collect on a debt, (hereinafter the "subject account"), which was issued and serviced by Defendants.

21.     On or about March 1, 2015, Defendants began calling Plaintiff on her cellular telephone number attempting to collect a consumer debt.

22.     On or about April 1, 2015, Plaintiff told Defendants that she was unable to pay on the consumer debt and to stop calling.  Despite Plaintiff's request, the calls to her cellular telephone continued.

23.     Defendants knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to five (5) times a day during the time period including, but not limited to, March 2015 through July 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

24.     Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").  Furthermore, Plaintiff will testify that many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

25.     Each of the autodialer calls the Defendants made to Plaintiff's cellular telephone number were done without the "prior expressed consent" of the Plaintiff. The Plaintiff verbally revoked her consent to be called by the Defendants on or about April 1, 2015.

26.     Plaintiff is the regular user and carrier of the cellular telephone number, (352) ***-8434, and was the "called party" and recipient of Defendants' autodialer calls.

27.     The autodialer calls from the Defendants came from the telephone numbers including but not limited to 800-551-2194; 800-551-0646; 800-551-1952; 214-484-0257; 800-551-2190; 800-551-2783; 800-551-1698; 201-520-9532; 708-667-5715; 800-351-2753; and 786-219-3760.

28.     The Plaintiff began keeping track of the calls she received from the Defendants on or about April 20, 2015. Between April 20, 2015 and July 11, 2015 the Plaintiff logged approximately 243 calls from the Defendants. The Plaintiff estimates she has received well over 250 calls total from the Defendant without her "prior expressed consent."

29.     On or about April 1, 2015, Plaintiff told a representative from the Defendants to please stop calling her cell phone. The representative from Defendants acknowledged the request by replying "okay."

30.     Calls to the Plaintiff's cellular telephone recorded on the Plaintiff's call log from 800-551-1698 include, but are not limited to, the following dates:

      i.     April 20, 2015 (4 calls)

      ii.    May 4, 2015 (4 calls)

      iii.   May 18, 2015 (3 calls)

      iv.    June 8, 2015 (4 calls)

      v.     June 22, 2015 (1 call)

31.     The Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendants, to permit the removal of the incorrect number.

32.     Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of autodialer calls.

33.     Defendants corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendants to stop calling.

34.     Defendants corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

33.     Defendants have defended at least two other federal lawsuits alleging similar violations as stated in this complaint.

35.     Defendants have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

36.     Defendants knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

37.     Defendants knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

38.     Due to Defendants constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

### COUNT I
### (Violation of the TCPA by Fortiva Financial LLC)

39.     Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

40.     None of Defendants autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

41.     The Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent,

42.     The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendants to stop calling her.

43.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant,  FORTIVA FINANCIAL, LLC, for statutory damages, actual damages, treble damages, punitive damages, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA by Fortiva Financial LLC)

44.   Plaintiff incorporates Paragraphs one (1) through thirty-eight (38) above as if fully set forth herein.

45.   At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

46.   Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff almost daily which is a frequency that can be reasonably expected to harass.

47.   Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FORTIVA FINANCIAL, LLC, for statutory damages, punitive damages, actual damages, treble damages, costs, attorney fees, interest, and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA by Fortiva Financial LLC)

48.   Plaintiff incorporates Paragraphs one (1) through thirty-eight (38) above as if fully set forth herein.

49.   At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

50.     Defendant violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FORTIVA FINANCIAL, LLC, for statutory damages, punitive damages, actual damages, treble damages, attorney fees, costs, interest, and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the TCPA by Atlanticus Holdings Corporation)

51.     Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

52.     None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

53.     The Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

54.     The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

55.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ATLANTICUS HOLDINGS CORP., for statutory damages, actual damages, treble damages, punitive damages, interest, and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FCCPA by Atlanticus Holdings Corporation)

56.   Plaintiff incorporates Paragraphs one (1) through thirty-eight (38) above as if fully set forth herein.

57.   At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

58.   Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendants to stop calling. Defendant called Plaintiff almost daily which is a frequency that can be reasonably expected to harass.

59.   Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ATLANTICUS HOLDINGS CORP., for statutory damages, punitive damages, actual damages, treble damages, attorney fees, costs, interest, and any other such relief the court may deem just and proper.

## COUNT VI
### (Violation of the FDCPA by Atlanticus Holdings Corp.)

60.    Plaintiff incorporates Paragraphs one (1) through thirty-eight (38) above as if fully set forth herein.

61.    At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

62.    Defendant violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ATLANTICUS HOLDINGS CORP., for statutory damages, punitive damages, actual damages, treble damages, attorney fees, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@forthepeople.com