**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MELISSA BEARD,

    Plaintiff,

v.                                             Case No: 5:15-cv-561-Oc-30PRL

FORTIVA FINANCIAL, LLC and
ATLANTIC HOLDINGS
CORPORATION,

    Defendants.
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon the parties' Amended Joint Motion to Compel Arbitration and Stay Proceedings (Doc. 14). It is well established that federal law strongly favors the arbitration of disputes and requires that federal courts rigorously enforce arbitration agreements. *See U.S. Fid. & Guar. Co. v. W. Point Constr. Co., Inc.*, 837 F.2d 1507, 1508 (11th Cir. 1988). "[A]rbitration is a matter of contract [and] the [Federal Arbitration Act's ("FAA")] strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (internal quotation marks omitted).

    Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Accordingly, the FAA requires a court to either stay or dismiss

a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement. *Lambert v. Austin Ind.*, 544 F.3d 1192 (11th Cir. 2008) (citing 9 U.S.C. §§ 2-4).

The parties have established the existence of an enforceable arbitration agreement and that the present dispute falls within the scope of the arbitration agreement. (Doc. 14, Ex. 1). Consequently, the parties' motion to compel arbitration should be granted.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. The parties' Amended Joint Motion to Compel Arbitration and Stay Proceedings (Doc. 14) is GRANTED.

2. This case is STAYED until further order of the Court.

3. The parties shall submit this dispute to arbitration in accordance with the parties' arbitration agreement.

4. Within thirty (30) days of the conclusion of arbitration, the parties shall notify the Court of the conclusion and the outcome of the arbitration.

5. The Clerk is directed to administratively close this case and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of February, 2016.

							_____
							JAMES S. MOODY, JR.
							UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record